UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Doug Fischbach,

        Plaintiff,

  v.

Capital One Bank (USA), N.A.,      **MEMORANDUM OPINION**
Messerli & Kramer, P.A., Brian Chou,   **AND ORDER**
and Amanda Prutzman,                     Civil No. 10-884 ADM/JJK

        Defendants and
        Third-Party Plaintiffs,

  v.

Jessica Fischbach,

        Third-Party Defendant.

___

Nicholas P. Slade, Esq., Barry & Slade, LLC, Minneapolis, MN on behalf of Plaintiff.

Derrick N. Weber, Esq., and Jennifer Zwilling, Esq., Messerli & Kramer, P.A., Plymouth, MN on behalf of Defendants and Third-Party Plaintiffs.

___

## I. INTRODUCTION

On December 17, 2010, the undersigned United States District Judge heard oral argument on Plaintiff Doug Fischbach's ("Doug Fischbach") Amended Motion to Strike Third Party Complaint [Docket No. 16] (the "Motion"). Defendants and Third-Party Plaintiffs Capital One Bank (USA), N.A. ("Capital One"), Messerli & Kramer, P.A. ("Messerli & Kramer"), Brian Chou ("Chou"), and Amanda Prutzman ("Prutzman") (Capital One, Messerli & Kramer, Chou, and Prutzman are collectively, "Defendants") opposed the Motion. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

Third-Party Defendant Jessica Fischbach ("Jessica Fischbach") is Plaintiff Doug Fischbach's daughter. See Compl. [Docket No. 1] ¶ 9. Capital One is a bank that issues credit cards. See id. Messerli & Kramer is a law firm. Id. ¶ 6. Chou and Prutzman were employees of Messerli & Kramer at all times relevant to this action. Id. ¶¶ 7-8.

In 1998, Jessica Fischbach, then a minor, applied for a credit card with Capital One. See Weber Aff. [Docket No. 12] ¶ 3 (date of application); Compl. ¶ 9. Doug Fischbach signed the application with Capital One as the guarantor of Jessica Fischbach's credit card account. Weber Aff. ¶ 4. At the time, Doug Fischbach and Jessica Fischbach shared the same address in West St. Paul, Minnesota. Compare Compl. ¶ 4 with Third Party Compl. [Docket No. 2] ¶ 6. Jessica Fischbach's agreement with Capital One required her to update her mailing address. Third-Party Compl. ¶ 3.

In March 2003, Jessica Fischbach changed the address on her account with Capital One to a P.O. Box in St. Paul, Minnesota. Third Party Compl. ¶ 6. In 2005, Jessica Fischbach again changed her address on the account, this time to Hudson, Wisconsin. Id. ¶ 7. There have been no further changes of the address on the account. Id. ¶ 11. Doug Fischbach has never been a resident of Wisconsin. Compl. ¶ 13.

Jessica Fischbach's credit card account allegedly went into default. Weber Aff. ¶ 9. In early 2009, Messerli & Kramer, on behalf of Capital One, commenced an action in Wisconsin state court against Doug Fischbach. Compl. ¶ 11. Messerli & Kramer asserted that the Wisconsin court had jurisdiction over the case based on the Wisconsin address provided by Jessica Fischbach. Id. ¶ 12. However, Doug Fischbach claims that Messerli & Kramer knew his

actual address in Minnesota because they accessed his credit report prior to initiating the litigation. Id. ¶¶ 10, 14. Nonetheless, the Wisconsin court entered judgment against Doug Fischbach. Id. ¶ 16. This judgment was then used to garnish Doug Fischbach's wages with his current employer after an unsuccessful attempt to garnish wages at his former employer. See id. ¶¶ 27-62. Doug Fischbach alleges that the process of obtaining a Wisconsin judgment and garnishing his wages violates the Fair Debt Collections Practices Act ("FDCPA") and Minnesota's garnishment statutes. Doug Fischbach also asserts state law claims of conversion, abuse of process, and invasion of privacy against Defendants.

After Doug Fischbach commenced the present action, Defendants answered and filed a Third-Party Complaint against Jessica Fischbach. Jessica Fischbach's whereabouts are unknown, and she was eventually served by publication. Subsequently, the Clerk entered default against her. Doug Fischbach now moves to strike the Third-Party Complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure (the "FRCP").

### III. DISCUSSION

#### A. Rule 14 Requirements

Rule 14(a) allows impleader of a third-party "who is or may be liable to [a defending party] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Thus, the circumstances in which impleader is permissible are limited to those where the liability of the third-party "is in *some way* dependent upon the outcome of the main claim." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) (quoting United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987)) (emphasis added).

Often, this means that the primary defendant is able to assert a cause of action for

indemnity or contribution against the third-party defendant.  Doucette v. Vibe Records, Inc., 233 F.R.D. 117, 120 (E.D.N.Y. 2005).  However, the doctrine is not limited solely to indemnity or contribution claims.  Jeub v. B/G Foods, 2 F.R.D. 238, 240 (D. Minn. 1942).  Accord Doucette, 233 F.R.D. at 120 ("[Rule 14(a)] does not foreclose other types of claims in a third-party complaint.").  Rule 14 only requires that there is a substantive right to the relief sought.  Green v. U.S. Dept. of Labor, 775 F.2d 964, 971 n.7 (8th Cir. 1985).

"Rule 14(a) should be liberally construed in favor of impleading a third party . . . ." United States v. J&D Enters. of Duluth, 955 F. Supp. 1153, 1156 (D. Minn. 1997).  This is so because the purpose of impleader is to "avoid a circuity of actions and a multiplicity of suits." Id.

## B. Impleader of Jessica Fischbach is Proper

Here, Jessica Fischbach is a proper third-party defendant.  The thrust of Defendants' claims against her is that she failed to update her address, which in turn caused them to obtain a judgment in Wisconsin state court instead of Minnesota state court.  The FDCPA prohibits obtaining a judgment against a debtor in any jurisdiction except the debtor's home jurisdiction or the jurisdiction where the credit agreement was signed.  15 U.S.C. § 1692i(a)(2).  Therefore, Doug Fischbach argues that one basis for finding Defendants liable under the FDCPA is that they obtained a foreign judgment against him.  Defendants argue, however, that to the extent that obtaining a judgment in Wisconsin instead of Minnesota violated the FDCPA or was otherwise unlawful, the cause was Jessica Fischbach's failure to update her address.

Doug Fischbach argues that any conduct by Jessica Fischbach is irrelevant because the FDCPA does not allow for indemnity or contribution.  Indeed, the FDCPA itself is silent on

4

indemnity and contribution, and courts considering whether to imply such an action have declined to do so. See, e.g., Irwin v. Mascott, 94 F. Supp. 2d 1052, 1059-60 (N.D. Cal. 2000) (refusing to imply cause of action for contribution or indemnity in FDCPA case). However, as discussed above, indemnity or contribution actions are not required for impleader. Jeub, 2 F.R.D. at 240.

As alleged in the Third-Party Complaint, Jessica Fischbach may be liable to Defendants for breach of contract or negligence. Doug Fischbach argues that these are independent claims and therefore are not a basis for impleader. Impleader under Rule 14, however, does not require identity of claims or that claims rest on the same theory. Am. Fidelity & Cas. Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir. 1956). It requires only that the liability of the third-party defendant be dependent on the liability of the third-party plaintiff. Fed. R. Civ. P. 14(a); Jeub, 2 F.R.D. at 240.

Here, Jessica Fischbach's ultimate liability for breach of contract or negligence may be linked to the liability of Defendants to Doug Fischbach. Liability on breach of contract and negligence claims both incorporate the concept of foreseeability of harm. See Franklin Mfg. Co. v. Union Pac. R.R. Co., 248 N.W.2d 324, (Minn. 1976) ("General damages . . . are those which are reasonably foreseeable as a result of the breach of contract."); Nguyen v. Nguyen, 565 N.W.2d 721, 724 (Minn. Ct. App. 1997) ("For . . . negligence to be the proximate cause of an injury, . . . the injury must have been foreseeable in the exercise of ordinary care . . . ."). In the present case, Jessica Fischbach signed a credit card agreement requiring her to update her address and her father agreed to be guarantor of her credit card debt. Therefore, it is foreseeable that failure to update that address could have adverse consequences for herself and her father,

5

including a judgment entered in a foreign court. Certainly, a host of other issues exist that will ultimately determine the liability of Defendants to Doug Fischbach and any related liability of Jessica Fischbach to Defendants. However, at this early stage of litigation it is sufficient that Jessica Fischbach *may* be liable to Defendants and that the measure of her liability *may* be related to Defendants' liability in the main action here. Therefore, in order to avoid a circuity of actions and serve judicial economy, Defendants' claims against Jessica Fischbach should be litigated as part of this case.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Doug Fischbach's Amended Motion to Strike Third Party Complaint [Docket No. 16] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 7, 2011.